1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

| | |
|---|---|
| DENA GRIFFITH, individually and on behalf of all others similarly situated, | Case No: |
| _Plaintiff_, | COMPLAINT- CLASS ACTION DEMAND FOR JURY TRIAL |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| _Defendant_. | |

12
13
14
15
16
17
18
19
20
21
22
23
24

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Plaintiff Dena Griffith ("Plaintiff"), hereby  brings this Action against Defendant Amazon.com, Inc. ("Defendant" or "Amazon") for misleading consumers concerning the amounts they must pay for grocery deliveries from Whole Foods Market, and upon information and belief and investigation of counsel alleges as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.      This Court has both general and specific personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct substantial business in the State of Washington and in King County, Washington.

3.      This Court has specific personal jurisdiction arising from Defendant's decision to conduct business in Washington. Defendant has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State to render the exercise of jurisdiction by this Court reasonable. Defendant maintains its corporate headquarters in the state of Washington.

4.      Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## II.      PARTIES

5.      Defendant Amazon is the world's largest online marketplace. It is a Delaware corporation that is headquartered at 410 Terry Avenue North, Seattle, Washington 98109-5210.

6.      Plaintiff Dena Griffith is a citizen of the State of California who resides in Riverside County, California.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 1 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1

2                          **III.     FACTUAL ALLEGATIONS**

3       **A.     Amazon Advertises that Its Prime Members Will Receive "Free Delivery" and**

4              **"Free 2-Hour Grocery Delivery"**

5              7.     Amazon offers a service called Amazon Prime, which is a paid subscription service that

6    gives users access to additional services otherwise unavailable or available at a premium to other

7    Amazon customers. Amazon Prime services include same, one or two-day delivery of goods and

8    streaming music, video, e-books, gaming and grocery shopping services. In April 2021, Amazon

9    reported that Prime had more than 200 million subscribers worldwide.[1]

10             8.     Amazon charges its customers approximately $14.99 per month or $139 per year for an

11   Amazon Prime membership.

12             9.     One of the advertised benefits of Amazon Prime is that members will receive "FREE

13   Delivery" and "FREE 2-Hour Grocery Delivery," including grocery deliveries from Whole Foods

14   Market. Amazon makes these representations on the Amazon website and in television and print

15   advertisements. Below are representative examples of advertisements from Amazon's website:

16

17

18

19

20

21

22   _____

23   [1] *See Amazon Prime Tops 200 Million Members, Jeff Bezos Says,* VARIETY, *available at*
     https://variety.com/2021/digital/news/amazon-prime-200-million-jeff-bezos-1234952188/ (last visited
24   June 6, 2022).

COMPLAINT- CLASS ACTION                          **BORDE LAW PLLC**
DEMAND FOR JURY TRIAL - 2 -                       600 Stewart Street, Suite 400
                                                 Seattle, Washington 98101
                                                 (206) 531-2722

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## FREE 2-Hour Grocery Delivery

**Free ultrafast delivery on groceries and household essentials**



**Shop a wide selection of groceries including fresh foods and produce with free two-hour delivery from Fresh and your local Whole Foods Market. Available in select US cities**

- **Go to amazon.com/grocery to learn more**
- **Meet minimum order amount\***
- **Checkout using your existing Amazon account**

*\* Threshold amount may vary*

## Check out what's included:



### Fast, free delivery

Enjoy fast, free delivery, just for being a Prime member – including 2-hour delivery on thousands of items!



### Popular movies and shows

New releases. Award-winning Amazon Originals. Watch what you love on your favorite devices.



COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 3 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**B.**     **Amazon's "Free Delivery" Advertisements Are False and Misleading Because Amazon Charges a $9.95 Service Fee for Grocery Deliveries from Whole Foods Market**

10.     Whole Foods Market is a supermarket chain that is popularly known for its selections of organic foods. Whole Foods has approximately 500 stores in North America. In August of 2017, Amazon acquired Whole Foods Market and continues to own Whole Foods Market.

11.     Amazon offers its prime members 2-hour grocery delivery from Whole Foods Market.

---

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14



## Pickup and delivery

Prime members get convenient 2-hour grocery
delivery and 1-hour pickup from their local store
(available in select cities). Learn more and find
frequently asked questions here.

Start a delivery or pickup order

15      12.     Amazon advertises that its Prime members will receive "FREE Delivery" and "FREE 2-

16  Hour Grocery Delivery," including for grocery deliveries from Whole Foods Market. This is false.

17      13.     In approximately October of 2021, Amazon began charging its customers— including

18  its Prime member customers— a $9.95 "service fee" for all grocery deliveries from Whole Foods

19  Market.[2] Accordingly, Amazon's representations that Prime members will receive "FREE Delivery"

20  and "FREE 2-Hour Grocery Delivery" are false, misleading, and likely to deceive a reasonable

21

22  _____

    [2] *See Amazon slaps a $9.95 fee on Whole Foods deliveries. And Walmart pounces,* CNN, *available at*
23  https://www.cnn.com/2021/10/28/business/walmart-amazon-prime-fee/index.html (last visited June 6,
    2022).

24

_____

COMPLAINT- CLASS ACTION                                **BORDE LAW PLLC**
DEMAND FOR JURY TRIAL - 5 -                             600 Stewart Street, Suite 400
                                                        Seattle, Washington 98101
                                                        (206) 531-2722

consumer.

14.     Amazon's $9.95 "service fee" is in essence a hidden delivery fee. In fact, the service fee was "put in place to help cover delivery operating costs like equipment and technology without raising product prices."[3] Amazon customers are only charged the $9.95 "service fee" for Whole Foods grocery deliveries. If a customer instead choses to pick up the items in-store, then that customer will not be charged the service fee.

**C.     Amazon Engages in Bait-and-Switch Advertising by Not Disclosing the $9.95 Service Fee with the Advertised Price of the Whole Foods Grocery Items**

15.     In addition to Amazon's false representations that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery," Amazon engages in a bait-and-switch advertising scheme by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items.

16.     The first page of the Whole Foods delivery section on Amazon's website displays various grocery items alongside the advertised price of the items. For example, the advertised price of Whole Foods Feta Cheese is $4.29. Nowhere on this initial webpage is the $9.95 service fee disclosed as shown below:

---

[3] *Id.*

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 6 -

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1

2

3

4

5

6

7

8

9

10

11

12



13   17.   If a consumer then clicks on the desired grocery item, the next webpage states in opaque

14  text "$9.95 for 2-hour delivery." This text is in small font and is unlikely to be noticed by a reasonable

15  consumer. Moreover, the text is in smaller font and in a different color than the advertised price of the

16  grocery item as shown below:

17

18

19

20

21

22

23

24



18.     Once the consumer clicks on the "add to cart" icon, there is a series of webpages asking for payment and delivery information before the consumer arrives at the final "place your order" page. On the "place your order" page, the service fee is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable consumer. Moreover, Amazon also includes a $5 tip that is shown in small text above the total price of the delivery that is unlikely to be noticed by a reasonable consumer. Although the tip is "optional," reasonable consumers would not notice that the $5 tip has been added by default. Amazon's "place order" page is shown below:



COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 8 -

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

19.     Amazon's practice of initially advertising only part of a price and then later revealing the service fee as the consumer completes the buying process has been labeled "drip pricing" by the Federal Trade Commission ("FTC").[4] Amazon uses drip pricing to bamboozle consumers using the tried and true classic, and unlawful, bait advertising scheme.[5]  Again, Amazon advertises groceries from Whole Foods at a certain price and then tacks on a mandatory "service fee" later in the ordering process after the consumer is already invested in the ordering process.

**D.     Plaintiff's Experience**

20.     Plaintiff Dena Griffith is an Amazon Prime member who read and relied on Amazon's online advertisements that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

21.     On January 22, 2022, Plaintiff made an online order for a Whole Foods grocery delivery from the Amazon website and was charged a $9.95 service fee.

22.     Plaintiff Griffith was deceived by and relied upon Defendant's misleading bargain and bait advertising, and specifically the hidden and deceptive nature of the service fee and the fact that Amazon advertises that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." Plaintiff purchased grocery items from Defendant in reliance on the false and deceptive bargain and bait advertising and without knowledge of the true amount being charged based on

---

[4] *See The Economics of Drip Pricing,* FEDERAL TRADE COMMISSION, *available at* https://www.ftc.gov/news-events/events/2012/05/economics-drip-pricing (last visited June 6, 2022).

[5] "Bait advertising is an alluring but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Its purpose is to switch consumers from buying the advertised merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser. The primary aim of a bait advertisement is to obtain leads as to persons interested in buying merchandise of the type so advertised."  16 CFR § 238.0.

---

Defendant's deceptive advertising and buried service fee.

23.    Plaintiff, as a reasonable consumer, is not required to scrutinize advertisements to ferret out misleading facts and omissions, ascertain whether Defendant's pricing includes or excludes a service fee. In fact, Plaintiff is lawfully entitled to rely on statements that Defendant deliberately places on its website that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery."

24.    Because Plaintiff reasonably assumed that her grocery delivery order would conform to the advertised price and be free of unlawful or hidden charges, when it was not, she did not receive the benefit of her purchase. Instead of receiving the benefit of a free delivery as advertised, Plaintiff paid a $9.95 service fee.

25.    Plaintiff would not have placed her online grocery order, and would not have paid as much as she had for the grocery order, in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated Washington and California law, Plaintiff would not have been injured as she was.  Plaintiff was also unable, and will not be able in the future, to effectively compare grocery delivery prices when purchasing from Amazon's website due to Amazon's initial deception of advertising grocery prices that are less than what a consumer will ultimately pay. Plaintiff has suffered a concrete, tangible, injury in fact caused by Defendant's wrongful acts and omissions.

26.    Plaintiff and the Class have lost money as a result of Defendant's unlawful behavior. Plaintiff and the Class altered their position to their detriment and suffered loss in an amount equal to the deceptively advertised service fees they paid for Whole Foods grocery deliveries.

27.    Plaintiff intends to, seeks to, and will purchase Whole Foods grocery deliveries from the Amazon website again when she can do so with the assurance that the advertising of free delivery is lawful.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 10 -

### IV.     CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

29.     **The Nationwide Class is defined as follows:**

All U.S. citizens who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

30.     **The California Class is defined as follows:**

All California residents who were Amazon Prime members that were charged a service fee in connection with an online delivery from Whole Foods Market from August 1, 2021 until the date notice is disseminated to the class, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

31.     The proposed Classes meet all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

32.     This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

33.     The proposed Classes satisfy typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased Whole

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 11 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Foods grocery deliveries, were deceived by the false and deceptive advertising, and lost money as a result.

34.     The proposed Classes satisfy superiority. A class action is superior to any other means for adjudication of the Class members' claims because it would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

35.     Because Defendant's misrepresentations were uniformly made on Amazon's website, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate federal and state law with impunity.

36.     The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

37.     The proposed Classes satisfy commonality and predominance. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

38.     Questions of law and fact common to Plaintiff and the Class include:

a. Whether Defendant failed to disclose the presence of a service fee during the online ordering process;

b. Whether Defendant's advertising omissions and representations constituted false advertising under Washington and California law;

c. Whether Defendant's advertising omissions and representations constituted unfair business practices under the Washington Consumer Protection Act;

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 12 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

d. Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

e. Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

f. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

g. Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

39.     Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

40.     Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

41.     Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

42.     Class damages will be adduced and proven at trial through expert testimony and other competent evidence, including evidence exclusively in Defendant's possession.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT

### RCW 19.86.010 *ET SEQ.*

43.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

44.     The Washington Consumer Protection Act ("WCPA") makes unlawful to commit

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 13 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

"[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." REV. CODE WASH. ANN. § 19.86.020. The WCPA provides a private right of action for "[a]ny person who is injured in his or her business or property" by violations of the Act. REV. CODE WASH. ANN. 19.86.090.

45.    In the course of the Defendant's business, it knowingly and intentionally failed to disclose and actively concealed material facts and made false and misleading statements regarding its service fee for grocery deliveries from Whole Foods Market.

46.    Defendant's actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the WCPA. Defendant's actions impact the public interest because Plaintiff was injured in exactly the same way as thousands of others who paid a service fee for grocery deliveries from Whole Foods Market as a result of Defendant's generalized course of deception. Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country.

47.    Plaintiff and the Class relied upon and were deceived by the Defendant's unfair and deceptive misrepresentations of material fact in deciding to enter into contracts or continue doing business with Defendant. Buyers such as Plaintiff and members of the Class would have acted differently knowing that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market. Plaintiff and members of the Class would have wanted to know, as would any reasonable person, that the Defendant charges a service fee in connection with grocery deliveries from Whole Foods Market and this information would have changed their and any reasonable customer's decision to purchase Defendant's grocery delivery service.

48.    Plaintiff and the Class were injured as a result of the Defendant's conduct, and suffered ascertainable monetary loss.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 14 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

49.     Plaintiff seeks an award of actual damages, treble damages, attorney's fees and costs as permitted by the WCPA. REV. CODE WASH. ANN. § 19.86.090.

50.     Pursuant to WASH. REV. CODE. ANN. § 19.86.095, Plaintiff will serve the Washington Attorney General with a copy of this complaint as Plaintiff seeks injunctive relief.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE §§ 1750 *ET SEQ.*

51.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

52.     The CLRA prohibits unfair or deceptive practices in connection the sale of goods or services to a consumer.

53.     Moreover, the CLRA is meant to be "[c]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Civil Code Section 1760, *inter alia.*

54.     The online grocery deliveries from Whole Foods Market that Amazon provides are "Services" as defined by the CLRA. The Whole Foods grocery items are also "Goods" as defined by the CLRA.

55.     Plaintiff and the Class Members are "Consumers" as defined by the CLRA.

56.     Each of the purchases made by the Plaintiff and the Class Members from the Defendant were "Transactions" as defined by the CLRA.

57.     Amazon's false and misleading pricing practices and other policies, acts, and practices described herein were designed to, and did, induce Plaintiff's and Class Members' purchases of Whole

---

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 15 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

Foods grocery deliveries for personal, family, or household purposes, and violated and continues to violate at least the following sections of the CLRA:

    a.    § 1770(a)(9): Advertising goods with intent not to sell them as advertised;

    b.    § 1770(a)(14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and

    c.    § 1770(a)(20): Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but not limited to, shelf tags, displays, and media advertising in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product.

    58.    Amazon violated Sections 1770(a)(9), (14), and (20) by marketing and falsely representing a lower grocery delivery price than what consumers were actually charged. Moreover, Amazon advertised that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" when, in fact, grocery deliveries from Whole Foods Market are not free and subject to a $9.95 service fee.

    59.    Amazon never intended to sell its grocery deliveries with free delivery.

    60.    On information and belief, Amazon's violations of the CLRA discussed above were done with the actual knowledge, intent, and awareness that the conduct alleged was wrongful.

    61.    On information and belief, Amazon committed these acts knowing it would harm Plaintiff and Class Members.

    62.    Plaintiff and Class Members were injured by Amazon because Plaintiff and Class Members were baited and defrauded into paying more for grocery deliveries than was represented due to Amazon's false representations and advertisements.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 16 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

63.     Plaintiff and Class Members were harmed as a direct and proximate result of Amazon's violations of the CLRA and are thus entitled to a declaration that Defendant violated the CLRA.

64.     Plaintiff, on behalf of herself and Class Members, seeks only injunctive and declaratory relief under Civil Code § 1782(d) in connection with Amazon's violations of the CLRA.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FALSE ADVERTISING LAW

### CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.

65.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

66.     Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

67.     As alleged herein, Amazon's advertisements that Prime members will receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" are false and misleading.

68.     Plaintiff suffered injury in fact as a result of Amazon's actions as set forth herein because plaintiff purchased a grocery delivery from Whole Foods Market in reliance on Amazon's false and misleading marketing claims.

69.     Amazon's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Amazon advertised its grocery delivery service in a manner that is untrue and misleading, which Amazon knew or reasonably should have known.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 17 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

70.     Amazon profited from its sales of the falsely and deceptively advertised grocery delivery service to unwary consumers.

71.     As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and Class Members are entitled to injunctive and equitable relief and restitution.

### FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

72.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

73.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

74.     The acts, omissions, misrepresentations, practices, and non-disclosures of Amazon as alleged herein constitute business acts and practices.

### FRAUDULENT

75.     A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

76.     As set forth herein, Amazon's claims relating to the online marketing of its grocery delivery services are likely to deceive reasonable consumers and the public.

### UNLAWFUL

77.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 18 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

**UNFAIR**

78.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was unfair because Amazon's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

79.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was also unfair because it violated public policy as declared by specific statutory or regulatory provisions, including but not limited to the False Advertising Law.

80.     Amazon's conduct with respect to the advertising and sale of its grocery delivery service was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

81.     Amazon profited from the sale of its falsely, deceptively, and unlawfully advertised grocery delivery service to unwary consumers.

82.     Plaintiff and Class Members are likely to be damaged by Amazon's deceptive trade practices, as Amazon continues to disseminate, and is otherwise free to continue to disseminate misleading information. Thus, injunctive relief enjoining this deceptive practice is proper.

83.     Amazon's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members, who have suffered injury in fact as a result of Amazon's fraudulent, unlawful, and unfair conduct.

84.     In accordance with Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself, Class Members, and the general public, seeks an order enjoining Amazon from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 19 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

85.     Plaintiff, on behalf of herself and Class Members, also seeks an order for the restitution of all monies from Amazon's grocery delivery service fee that Amazon unjustly acquired through acts of unlawful competition.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT/ QUASI CONTRACT

86.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

87.     Plaintiff and the Class allege that Defendant owes money to them for the unlawful or deceptive conduct described herein.

88.     Plaintiff and Class Members paid for a service fee in connection with a Whole Foods Market grocery delivery.

89.     Defendant, by charging consumers a service fee, received additional money from Plaintiff and the Class.

90.     The additional money was paid by mistake, where an undue advantage was taken from the Plaintiff's and the Class's lack of knowledge of the deception, whereby money was exacted to which the Defendant had no legal right.

91.     Defendant is therefore indebted to Plaintiff and the Class in a sum certain, specifically the service fee actually paid during the Class period as consideration for which Defendant unlawfully charged consumers.

92.     Defendant is therefore indebted to Plaintiff and the Class in a sum certain for the additional money had and received by the Defendant, which the Defendant in equity and good conscious should not retain.

93.     Defendant is therefore liable to Plaintiff and the Class in the amount of unjust enrichment

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 20 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

or money had and received to be determined at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

94.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

95.     Defendant represented that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery" when, in fact, Prime members would not receive free grocery delivery because Defendant charges a mandatory service fee.

96.     The misrepresentations concerned material facts about the price of Defendant's grocery delivery service that influenced Plaintiff and the Class Members to purchase the delivery service.

97.     At the time Defendant made the misrepresentations, Defendant knew or should have known that the misrepresentations were false or Defendant made the misrepresentations without knowledge of their truth or veracity.

98.     Plaintiff and the class members reasonably, justifiably, and detrimentally relied on the misrepresentations and, as a proximate result thereof, have and will continue to suffer damages in the form of lost money from the payment of the service fee.

## SEVENTH CAUSE OF ACTION

### CONCEALMENT/ NON-DISCLOSURE

99.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

100.    Defendant knew at the time of sale that it had falsely represented the actual price of the grocery delivery service that consumers would pay upon checkout.

101.    Defendant fraudulently concealed from and/or intentionally failed to disclose to Plaintiff

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 21 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

and the Class Members that Defendant would charge a service fee for its grocery delivery service beyond the advertised price.

102.    Defendant had exclusive knowledge of Misrepresentations' falsity at the time of sale. The defect (the actual price of the delivery service upon checkout) is latent and not something that Plaintiff or the Class Members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.  The defect would not be disclosed by careful, reasonable inspection by the purchaser.

103.    Defendant had the capacity to, and did, deceive Plaintiff and the Class Members into believing that they would pay the advertised price for the grocery delivery service upon checkout, when in reality, Plaintiff and the Class Members were charged more than the advertised price for the grocery delivery service upon checkout.

104.    Defendant undertook active and ongoing steps to conceal the actual price of the grocery delivery service.

105.    The facts concealed and/or not disclosed by Defendant to Plaintiff and the Class Members are material facts in that a reasonable person would have considered them important in deciding whether to purchase the grocery delivery service.

106.    Defendant had a duty to disclose accurate information regarding the actual price that consumers would pay for its grocery delivery service upon checkout.

107.    Defendant intentionally concealed and/or failed to disclose the actual price of the grocery delivery service that consumers would pay upon checkout for the purpose of inducing Plaintiff and the Class Members to act thereon.

108.    Plaintiff and the Class Members justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the grocery delivery service.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 22 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

109.     Plaintiff and Class Members suffered a loss of money as a result of Defendant's false information because they would not have purchased the grocery delivery service, or would not have paid as much for the grocery delivery service, if the truth concerning Defendant's Misrepresentations had been known.

### EIGHTH CAUSE OF ACTION

### FRAUD

110.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

111.     Defendant willfully, falsely, and knowingly misrepresented that Prime members would receive "FREE Delivery" and "FREE 2-Hour Grocery Delivery." The Misrepresentations were communicated to Plaintiff and the Class Members through Amazon's website.

112.     At all relevant times, Defendant knew that it had misrepresented the advertised price for its grocery delivery service because Defendant knew it was charging an additional service fee upon checkout without disclosing this fee to Plaintiff and the Class Members.

113.     Defendant's misrepresentations were made with the intent that the general public, including Plaintiff and the Class Members, would rely upon it. Defendant's Misrepresentations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

114.     Plaintiff and the class members' reliance upon Defendant's misrepresentations was reasonable. The hidden service fee charged by Defendant is latent and not something that Plaintiff or the class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

115.     In actual and reasonable reliance upon the Misrepresentations, Plaintiff and the Class Members purchased Defendant's grocery delivery service. Plaintiff and the Class members suffered a

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 23 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

loss of money as a result of Defendant's intentional misrepresentations because they would not have purchased the grocery delivery service, or would have paid less for the grocery delivery service, if the truth concerning Defendant's Misrepresentations had been known.

## VI.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

(a)    An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing her undersigned counsel as class counsel;

(b)    An Order requiring Amazon to bear the cost of class notice;

(c)    An Order enjoining Amazon from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein;

(d)    An Order compelling Amazon to conduct a corrective advertising campaign;

(e)    An Order compelling Amazon to recall and destroy all misleading and deceptive advertising materials;

(f)    An Order requiring Amazon to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

(g)    An Order requiring Amazon to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

(h)    An Order requiring Amazon to pay all actual damages, treble damages, and statutory damages permitted under the causes of action alleged herein;

(i)    An award of attorneys' fees and costs; and

(j)    Any other and further relief that Court deems necessary, just, or proper.

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 24 -

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 531-2722

1

## VII.   JURY DEMAND

2        Plaintiff hereby demands a trial by jury on all issues so triable.

3

4    DATED this 7th day of June 2022.

5                                        **BORDE LAW PLLC**

6                                        By: s/ Manish Borde
                                         Manish Borde, WSBA #39503
7                                        600 Stewart St., 400
                                         Seattle, WA 98101
8                                        Telephone: (206) 531-2722
                                         Email: mborde@bordelaw.com
9

10

11                                       **LAW OFFICES OF RONALD A. MARRON**

                                         By: s/ Ronald A. Marron
12                                       Ronald A. Marron (*pro hac vice* forthcoming)
                                         Michael T. Houchin (*pro hac vice* forthcoming)
13                                       Lilach Halperin (*pro hac vice* forthcoming)
                                         *lilach@consumersadvocates.com*
14                                       651 Arroyo Drive
                                         San Diego, CA 92103
15                                       Telephone: (619) 696-9006
                                         Fax: (619) 564-6665
16                                       Email: ron@consumersadvocates.com
                                         mike@consumersadvocates.com
17                                       lilach@consumersadvocates.com

18                                       **ATTORNEYS FOR PLAINTIFF and the**
                                         **Proposed Classes**
19

20

21

22

23

24

---

COMPLAINT- CLASS ACTION
DEMAND FOR JURY TRIAL - 25 -